Stephen B. Coleman (State Bar #021715)
Alex Cayton (State Bar #038580)
**PIERCE COLEMAN PLLC**
7730 East Greenway Road, Suite 105
Scottsdale, AZ 85260
Tel. (602) 772-5506
Fax (877) 772-1025
Steve@PierceColeman.com
Alex@PierceColeman.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Glynn,<br><br>  Plaintiff,<br><br>v.<br><br>City of El Mirage; Crystal Dyches, in her individual capacity; Dawn Kurek, in her individual and official capacities; and Michael Long, in his individual and official capacities,<br><br>  Defendants. | Case No: 2:23-CV-00612-MTL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants City of El Mirage (the "City"), Crystal Dyches ("Dyches"), Dawn Kurek ("Kurek"), and Michael Long ("Long, and collectively, "Defendants") answer Plaintiff's First Amended Complaint as follows.

1. Defendants admit that Plaintiff purports to bring certain claims in this action. Defendants affirmatively state that certain claims have been dismissed by the Court, and deny liability for the remaining claims. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

1. 2. Admit, except that all state claims have been dismissed so it is unnecessary for the Court to exercise supplemental jurisdiction.

2. 3. Defendants admit that venue is proper. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

3. 4. Defendants admit that Plaintiff delivered a notice of claim to the City prior to commencing this action; that the notice of claim said to "Please contact us if you have any additional questions or if you believe you need additional information to consider these claims or believe any requirements of the claim statute have not been met"; and that a copy of the notice of claim is attached as Exhibit 1 to Plaintiff's First Amended Complaint. Defendants deny that the notice of claim included a specific amount for which Plaintiff was willing to settle his claims. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

4. 5. Defendants admit that the City did not respond to the notice of claim within the sixty-day time period set forth in A.R.S. § 12-821.01(E). Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

5. 6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

6. 7. Admit.

7. 8. Defendants admit that Dyches is the City Manager for the City and that she has the powers enumerated in the City's municipal code. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

8. 9. Defendants admit that Kurek is the City's Human Resources Director. Defendants further admit that Kurek has the authority to prepare drafts of certain HR-related policies, but deny that she has authority to unilaterally adopt such policies. Defendants also admit that Kurek has the authority to review proposed policies for other

departments. Defendants affirmatively deny that Kurek has final policymaking authority for the City's personnel policies. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

10. Defendants admit that Long is the Fire Chief for the City's fire department and is authorized to perform such duties as may be required of him by law and as the City Manager may deem necessary. Defendants further admit that Long has authority to prepare certain policies for the fire department, subject to review by HR and other limitations. Defendants affirmatively deny that Long has final policymaking authority for the City's personnel policies. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

11. Admit.

12. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

13. Defendants admit the allegations in this paragraph, except that Plaintiff was terminated in November 2022.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

15. Admit.

16. Defendants admit that Plaintiff's 2020 employment application consisted of multiple pages and included a number of background and employment-related questions, including a list of seventeen "Agency-Wide Questions" to be answered. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

17. Admit.

18. Admit.

19. Admit, except that the human resources employee's title was Human Resource Analyst, Senior.

20. Defendants admit that during Plaintiff's interview, Plaintiff spoke about his termination from the City of Buckeye and mentioned his former girlfriend. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

21. Defendants admit that Plaintiff claimed to have become a better person as a result of the circumstances that led to his termination from the City of Buckeye. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

22. Defendants admit that the interview panelists did not ask any follow-up questions about Plaintiff's termination. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

25. Admit.

26. Defendants admit that Plaintiff was not disciplined prior to his termination. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

27. Admit.

28. Admit.

29. Admit.

30. Defendants admit that Plaintiff was promoted to Fire Engineer in November 2021, that this was a new position for him, that he began a new one-year probationary period, and that he was not disciplined prior to his termination. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

31. Admit.

1    32.    Defendants admit that, as Vice President of the Association, Plaintiff spoke to the City and the Fire Chief about issues relating to the fire department, the Memorandum of Understanding ("MOU"), and terms and conditions of employment. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

33.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

34.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

35.    Defendants admit that Plaintiff told Deputy City Manager Robert Nilles ("Nilles") that the Association had communicated with the Department of Labor. Defendants further admit that Nilles responded that he was confident that the City was in compliance with wage/hour laws. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations.

36.    Defendants admit that Glynn, as Vice President of the Association, raised concerns about a dispute that was the subject of an arbitration; that the Association filed a grievance regarding vacation and bereavement pay, and that the arbitrator issued an advisory decision in favor of the City. Defendants deny that the City refused to follow the arbitration decision and affirmatively state the following: pursuant to the MOU, "The City Manager may accept, modify, or reject the arbitrator's recommendation and shall submit his or her decision in writing to the grievant and his or her designated representative within twenty (20) calendar days of receipt of the written arbitrator's recommendation"; the City Manager modified the arbitrator's recommendation; and the City complied with the City Manager's decision.

37.    Defendants admit that Plaintiff met with Dyches, Kurek, and Nilles on or about October 26, 2022; that the parties discussed matters relating to the fire department; and that Plaintiff stated that the Association's legal team in Washington, D.C. was looking into a possible federal lawsuit regarding the outcome of the grievance/arbitration.

4

Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

38. Defendants admit that Plaintiff and Jeffrey Kinkade met with Councilmembers David Shapera and Roy Delgado, and that Glynn spoke about an arbitration relating to a payroll dispute. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

40. Defendants admit that Long and Kurek met with Plaintiff on November 7, 2022; that Long advised Plaintiff that his probationary period was expiring at the end of the week; and that Long informed Plaintiff that he was being discharged based on the content of a 43-page report by a hearing officer regarding Plaintiff's termination by the City of Buckeye and Plaintiff's failure to truthfully disclose the circumstances of his termination during the hiring process. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

41. Admit, except that the hearing officer's report was 43 pages.

42. Defendants deny the allegations in this paragraph.

43. Defendants deny the allegations in this paragraph.

44. Defendants admit that Plaintiff did not have the right to appeal his termination because he was a probationary employee. Defendants further admit that the City informed Plaintiff that he could be terminated "with or without cause and without recourse," and that a copy of this communication is attached as Exhibit 4 to the First Amended Complaint. Defendants deny the remaining allegations in this paragraph.

45. Admit.

46. Defendants deny the allegations in this paragraph.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, but affirmatively deny that Defendants are liable to Plaintiff for any alleged damages or injuries.

48. Defendants incorporate their responses to the preceding paragraphs.

49. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

50. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

51. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

52. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

54. Defendants deny the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

56. Defendants deny the allegations in this paragraph.

57. Defendants deny the allegations in this paragraph.

58. Defendants deny the allegations in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

62. Defendants admit that Plaintiff has accurately quoted a portion of 42 U.S.C. § 1983. Defendants deny the remaining allegations in this paragraph.

63. Defendants deny the allegations in this paragraph.

64. Defendants incorporate their responses to the preceding paragraphs.

65. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

67. Defendants admit that Plaintiff was a member of the Association. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph.

68. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

69. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, but affirmatively deny that Plaintiff's termination was in retaliation for any protected activity.

70. Defendants deny the allegations in this paragraph.

71. Defendants deny the allegations in this paragraph.

72. Defendants deny the allegations in this paragraph.

73. Defendants deny the allegations in this paragraph.

74. Defendants deny the allegations in this paragraph.

75. Defendants deny the allegations in this paragraph.

76. Defendants deny the allegations in this paragraph.

77. Defendants deny the allegations in this paragraph.

78. Defendants admit that Plaintiff has accurately quoted a portion of 42 U.S.C. § 1983. Defendants deny the remaining allegations in this paragraph.

79. Defendants deny the allegations in this paragraph.

80. Defendants incorporate their responses to the preceding paragraphs.

81. The Court has dismissed Plaintiff's cause of action under the Arizona Employment Protection Act. Therefore, no response is required.

82. The Court has dismissed Plaintiff's cause of action under the Arizona Employment Protection Act. Therefore, no response is required.

83. The Court has dismissed Plaintiff's cause of action under the Arizona Employment Protection Act. Therefore, no response is required.

84. The Court has dismissed Plaintiff's cause of action under the Arizona Employment Protection Act. Therefore, no response is required.

85. Defendants incorporate their responses to the preceding paragraphs.

86. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

87. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

88. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

89. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

90. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

91. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

92. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

93. The Court has dismissed Plaintiff's cause of action under the Arizona Public Safety Employment Act. Therefore, no response is required.

94. Defendants incorporate their responses to the preceding paragraphs.

95. Admit.

96. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

97. Defendants admit that Plaintiff was terminated, and that a termination constitutes an adverse employment action. Defendants affirmatively deny that Plaintiff's termination was in retaliation for engaging in protected activity under the Fair Labor Standards Act.

98. Defendants deny the allegations in this paragraph.

99. Defendants deny the allegations in this paragraph.

100. Defendants deny the allegations in this paragraph.

Any allegation not expressly admitted above is denied, and Defendants deny that they are liable to Plaintiff for any claimed damages.

## **AFFIRMATIVE DEFENSES**

The following affirmative defenses may apply to Plaintiff's First Amended Complaint: failure to state a claim, in whole or in part, upon which relief can be granted; applicable statute of limitations; Mt. Healthy defense; failure to comply with prerequisites to filing suit; Defendants would have taken the same actions in the absence of any alleged protected activity; failure to mitigate alleged damages; and qualified, legislative, or other immunity. Defendants reserve the right to assert additional affirmative defenses should they become aware of additional defenses during the course of discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants respectfully request that the Court:

A. Dismiss Plaintiff's First Amended Complaint with prejudice;

B. Award Defendants their attorneys' fees and costs incurred in connection with this matter pursuant to any applicable statute, rule, or legal theory; and

C. Award such other relief as the Court deems just and appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 27th day of October, 2023.

**PIERCE COLEMAN PLLC**

By /s/Stephen B. Coleman
    Stephen B. Coleman
    Alex Cayton
    7730 East Greenway Road, Suite 105
    Scottsdale, AZ 85260
    *Attorneys for Defendants*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2023, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing, causing a copy to be electronically transmitted to the following ECF registrants:

Michael J. Petitti
Paige C. Pataky
Shields Petitti & Zoldan, PLC
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
mjp@shieldspettiti.com
pcp@shieldspettiti.com
Attorneys for Plaintiff

Lauren McDermott
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036
lmcdermott@mooneygreen.com
Attorneys for Plaintiff


By: /s/ Mary Walker